UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LOUISIANA INDEPENDENT　　　　　　　　　Civil Action No._____
PHARMACIES ASSOCIATION

    Plaintiff

vs.

EXPRESS SCRIPTS, INC (ESI)

    Defendant

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Louisiana Independent Pharmacies Association, a Louisiana non-profit corporation with its registered office in the City of Baton Rouge, Parish of East Baton Rouge who respectfully represents the following upon information and belief:

### NATURE OF ACTION

1.

This is a request for declaratory judgment by the Louisiana Independent Pharmacies Association (LIPA) on behalf of its members against Express Scripts, Inc. (ESI). Pursuant to 28 U.S.C. § 2201-2202, LIPA asks this Court to determine whether or not Medicare preempts La. R.S. § 46:2625 and La. R.S. § 22:1860.1.

2.

La. R.S. § 46:2625(A)(1), as part of Louisiana's Medicaid plan, requires each in-state and out-of-state pharmacy to remit ten cents ($.10) to the Louisiana Department of Health (LDH) on each prescription filled for a Louisiana citizen. LDH then uses those funds (along

with other fees from other medical providers) to match resources from the federal government to fund the State's Medicaid program.

3.

La. R.S. § 46:2625(A)(2) provides that the "ten cent provider fee" is an allowable cost for purposes of insurance or third party reimbursements. La. R.S. § 22:1860.1 specifically states that a health insurer or its agent has the obligation to reimburse a pharmacy for fees remitted by the pharmacy in compliance with R.S. § 46:2625.

4.

ESI, the country's largest pharmacy benefits manager, takes the position that the "ten cent provider fee" is preempted by Medicare. In a May 12, 2020 communication to Louisiana pharmacies, ESI states that "Due to federal preemption, Express Scripts is not required to reimburse pharmacies the $0.10 fee for claims paid by Medicare (MA Plans or Part D Plans)."[1] Thus, ESI will not reimburse Louisiana pharmacies this amount (even though Louisiana pharmacies are obligated to remit the ten cents on each prescription it fills, regardless of payor source, to LDH). Presumably, ESI is also not remitting the ten cent fee to LDH on prescriptions its mail order pharmacy fills for Louisiana Medicare recipients either.

5.

Thus, despite the fact that pharmacies are required to remit ten cents to the LDH on every prescription filled, regardless of payor source, ESI refuses to reimburse pharmacies the ten cent fee on Medicare prescriptions, As shown below, the Louisiana Department of

---

[1] Exhibit 1, May 12, 2020 "Reminder on the appropriate use of tax submission fields for reimbursement of Louisiana fees and taxes"

Insurance also agrees that the ten cent fee is due and should be reimbursed to pharmacies. The contrary positions taken by LDH and LDI, on the one side, and ESI, on the other, on two specific statutes — La. R.S. § 46:2625 and La. R.S. 22:1860.1 — require the filing of this action since Louisiana independent pharmacies are caught in the middle.

## THE DEFENDANT

6.

The defendant in this action is:

Express Scripts, Inc. ("ESI"), a foreign corporation authorized and doing business in this State. ESI is a Delaware corporation with its principal place of business in St. Louis, Missouri, with its principal business establishment in Louisiana at 501 Louisiana Avenue, Baton Rouge, LA 70802.

## JURISDICTION AND VENUE

7.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

8.

Venue properly lies within this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this action occurred in this district and ESI is subject to personal jurisdiction with respect to the action in question.

## LOUISIANA INDEPENDENT PHARMACIES

9.

LIPA is a member-based organization which advocates on behalf of the needs, issues, and concerns of Louisiana independent pharmacies. Since 2001, LIPA has been providing

services that benefit its membership of independent pharmacies in order to promote and advance the interests of the Louisiana independent pharmacy community.

10.

Louisiana independent pharmacies are small business entrepreneurs as well as multi-dimensional health care providers. Independent pharmacists play a critical role in Louisiana's health care delivery system. Independent pharmacists are focused on improving the overall quality of health care in their communities in order to realize the best possible outcomes. As such, independent pharmacies represent a vital resource to their patients. Oftentimes, the independent pharmacies serve historically underserved or rural areas and are the only healthcare providers in many communities across Louisiana. Louisiana independent pharmacies historically fill 45% of all prescriptions filled in Louisiana.

11.

In furtherance of its mission on behalf of Louisiana independent pharmacies, LIPA seeks a declaration of the rights, status and other legal relations by, between, and among LIPA's members and ESI pursuant to 28 U.S.C. § 2201-2202. A declaratory judgment proceeding will promote the simple, expedient resolution of whether Medicare preempts La. R.S. § 46:2625 and La. R.S. 22:1860.

**OVERVIEW OF THE ISSUES TO BE DECIDED HERE**

12.

The Louisiana Legislature has recognized the important role that pharmacies play in healthcare and has passed numerous statutes that impact Louisiana pharmacies. One such statute is La. R.S. § 46:2625. That statute puts the onus of Louisiana pharmacies to collect ten cents for every prescription filled and to remit that money to the LDH. LDH then uses

those funds to help draw down federal dollars to help fund Louisiana's Medicaid program. But the ten cents is not to come from the pharmacies. Instead that is an allowable cost that is to be reimbursed by plan sponsors. While it is believed that ESI typically reimburses pharmacists for the ten cent fee on most prescriptions, it refuses to do so for Medicare plans, taking the position that Medicare preempts the state statues. If ESI is correct, the LIPA member pharmacies should not have to remit the ten cent prescription to LDH. If ESI is incorrect, then LIPA member pharmacies should be reimbursed the cent fee on Medicare prescriptions. And ESI should remit ten cents to LDH on each Medicare prescription it fills for Louisiana Medicare recipients. But this Court should rule one way or the other.

## THE TEN CENT PROVIDER FEE AND ITS PURPOSE

13.

In 1992, the Louisiana Legislature passed Act 260, which included, among other things, an authorization for LDH to impose fees for healthcare services provided by the Medicaid program on various healthcare providers. The operative provisions of Act 260 became effective on June 10, 1992.

14.

In pertinent part, La. R.S. § 46:2625 A.(1) snow reads:

> A. (1) The Department of Health and Hospitals is hereby authorized to adopt and impose fees for health care services provided by the Medicaid program on every nursing facility, every intermediate care facility for people with developmental disabilities, every pharmacy in the state of Louisiana and certain out-of-state pharmacies, dispensing physicians, and medical transportation providers. The amount of any fee shall not exceed the total cost to the state of providing the health care service subject to such fee. In addition, the amount of the fees imposed under the rules and regulations adopted shall not exceed the following:
> •••
> (c) Ten cents per out-patient prescription.
> (d) Ten cents per out-patient out-of-state prescription.

15.

Louisiana pharmacies are thus required to pay to the LDH the $.10 fee mandated by La. R.S. § 46:2625 (A)(1) on every prescription the pharmacy fills, irrespective of the plan which may cover the patient. The pharmacy remits, on a quarterly basis, the $.10 provider fee to LDH. There is no markup of the $.10 fee (i.e., no profit is made).

16.

However, in an effort to allow recoupment of this variable expense, the Louisiana Legislature specifically allowed that fee to be passed on to third-party administrators such as pharmacy benefit managers and/or health insurance plans, under section (2) of that statute:

> (2) Any fee authorized by and imposed pursuant to this Section shall be considered an allowable cost for purposes of insurance or other third party reimbursements and shall be included in the establishment of reimbursement rates.

17.

Under this law, Louisiana pharmacies collect a $.10 fee on each prescription filled. Those pharmacies then remit those fees on a quarterly basis to LDH. And LDH then uses that money to draw down federal funds under the Medicaid program.

18.

It is thus critical to also understand the interrelationship between state and federal Medicaid programs and the various states' plans for Medicaid services to understand the requirement that the $.10 provider fee be collected from all plans.

19.

Medicaid is the government health insurance program for the indigent, which is administered by the state and funded jointly by the federal and state governments. Each state has its own unique Medicaid program.

20.

In order for the state to obtain federal funding of the Medicaid program, the state's Medicaid system must be memorialized in a State Plan for Medicaid services which must be approved by the federal government and/or follow the confines of the regulations set out by the federal government. Thus, there is an interrelationship between state and federal Medicaid programs and various states' plans for Medicaid services, which are a prerequisite for federal funding, known as federal financial participation (FFP).

21.

One of the things a state may do in order to obtain FFP is to enact a provider assessment program. A provider assessment program allows the state to generate funds from providers or other sources that will be matched by the federal government. Louisiana has enacted such a program through La. R.S. § 46:2625.

22.

The federal government has mandated that in order to charge a provider fee such as the one established in La. R.S. § 46:2625, however, the fee must be both uniform and broad-based. Through its state plan, Louisiana has elected to charge a fee for every prescription that is filled in Louisiana, irrespective of the plan to which the patient may belong. In fact, charging the fee for every prescription is actually required to obtain full reimbursement from the federal programs.

23.

The relevant federal requirements for a provider assessment program are:

A. **The fee is broad-based.** All members of a class must be subject to the fee. 42 CFR 433.56 (B). A specific example of a separate class of healthcare items or services is outpatient prescription drugs. 42 CFR 433.56 (A) (7). This means that if a provider, such as a pharmacy, falls into a class of providers that is subject to the fee, it must pay the fee assessed. Providers cannot opt out of the provider fee program, depending on the plan to which the patient belongs to.

B. **The fee is uniform.** The fee is considered to be uniform if it is imposed on a class that is the same for every provider in the class, the fee is imposed on the provider's revenue receipts with respect to a class of items or services, and it is the same for each provider of such items or services. 42 CFR 433.68 (D) (1) (iv).

24.

Act 260 of the 1992 Louisiana Legislative Regular Session specifically directed the LDH to impose such uniform and broad-based fees to obtain FPP. The Department did so in Title 48 Chapter 40, Section 4001

D. That regulation reads:

> Pharmacy Services. A prescription fee shall be paid by each pharmacy and dispensing physician for each out-patient prescription dispensed. The fee shall be $0.10 per prescription dispensed by a pharmacist or dispensing physician Where a prescription is filled outside of Louisiana and not shipped or delivered in any form or manner to a patient in the state, no fee shall be imposed. However, out-of-state pharmacies or dispensing physicians dispensing prescriptions which are shipped, mailed or delivered in any manner inside the state of Louisiana shall be subject to the $0.10 fee per prescription. The fee only applies to prescriptions which are dispensed and sold for human use. Pharmacies and dispensing physicians subject to prescription fees shall provide documentation quarterly, on a form provided by the department, of utilization for all medications dispensed in conjunction with payment of fees.

25.

That regulation complies with La. R.S. § 46:2625 A.1(c). Under both the statute and regulation, the prescription fee "shall be paid by each pharmacy and dispensing physician for each out-patient prescription dispensed." That requirement is irrespective of insurer, plan, or administrator. La. R.S. § 46:2625 A. (2) provides for reimbursement of that fee and mandates

that the reimbursement "shall be considered an allowable cost for purposes of insurance or other third party reimbursements."

26.

Further, La. R.S. § 22:1860.1 A. states that, "It is the obligation of a health insurance issuer or its agent to reimburse a pharmacist or his agent for fees remitted by a pharmacy or pharmacist or his agent in compliance with R.S. § 46:2625."

27.

The payment, collection, and remittance of the $.10 provider fee is critical for the proper functioning of Louisiana's healthcare budget. There are approximately 90 million prescriptions filled each year in Louisiana. The $.10 provider fee thus represents around $9,000,000.00 in remittances to LDH. But as detailed above, LDH uses those funds to help draw down federal dollars to help fund Louisiana's healthcare budget. Given the federal match, the $.10 provider fee represents around $24,750,000.00 to Louisiana's healthcare budget.

28.

Despite the requirement that any fee be broad-based and uniform, the Louisiana Department of Insurance (LDI) issued Advisory Letter 2016-01 on July 1, 2016. That letter stated that

> . . . the LDI does not believe it can require that health insurance issuers, health maintenance organizations, pharmacy benefit managers, or third party administrators of Medicare Advantage plans to comply with either the levying of the fee under La. R.S. § 46:2625 or the provision of the same statute requiring contractual reimbursement...[2]

---

[2] Exhibit 2.

Thus under that letter, prescriptions that were paid for by Medicare Advantage plans were not subject to imposition of the ten cent provider fee mandated by La. R.S. § 46:2625. And under this analysis, health insurers need not reimburse a pharmacist for such fees as mandated by La. R.S. § 22:1860.1.

29.

But the LDH disagreed with this interpretation and responded on September 16 2016 with a Memorandum addressed to "All Pharmacies Dispensing Prescriptions to Louisiana Residents." That Memorandum stated that,

> There has been some recent confusion about the provider fee that Louisiana imposes on all prescriptions regardless of payor source. In accordance with Louisiana R.S. § 46:2625, the Louisiana Department of Health want to remind all pharmacy staff who dispense prescriptions to Louisiana residents of the requirement to remit the $0.10 per prescription provider fee. Every pharmacy in the state of Louisiana, certain out of state pharmacies and dispensing physicians in Louisiana must remit this fee for each prescription filled including Medicare, Medicaid, other third party prescriptions and cash.[3]

30.

Thus under the LDH's interpretation, all prescriptions "regardless of payor source" are subject to imposition of the ten cent provider fee mandated by La. R.S. § 46:2625. And LDH places the onus on pharmacists to collect the fee, regardless of whether those pharmacists are reimbursed. Based on LDI's July 1, 2016 Advisory Letter 2016-01, certain plan administrators began to refuse to reimburse the fee or attempted recouping prior payments of it.

---

[3] Exhibit 3.

31.

Louisiana independent pharmacies were thus caught in the middle. On the one hand, LDI took the position that prescriptions filled under the Medicare Advantage plan were not subject to La. R.S. § 46:2625. In taking that position, LDI ignored the requirement for "broad based" and "uniform" fees under Louisiana's FPP plan. It also ignored the plain language of La. R.S. § 22:1860.1 requiring "health insurance issuer or its agent to reimburse a pharmacist or his agent for fees remitted by a pharmacy or pharmacist or his agent in compliance with R.S. § 46:2625" and La. R.S. § 46:2625 A.(2) which provides for reimbursement of that fee and that the reimbursement "shall be considered an allowable cost for purposes of insurance or other third party reimbursements." On the other side, LDH ordered collection by pharmacies and remittance to it of the ten cent provider fee on all prescriptions, irrespective of payor source. But LDH also ignored La. R.S. § 22:1860.1 and La. R.S. § 46:2625 A.(2) which requires that pharmacies be reimbursed this fee. This conflict put an unfair onus on Louisiana independent pharmacies and necessitated the filing of a Petition for Declaratory Judgment, asking the state district court to decide who was right. If the statutes were in fact preempted, then it was unfair to make the pharmacies collect and remit a fee for which it would never be reimbursed.

32.

Subsequent to the filing of that lawsuit, the LDI issued a revised letter. More particularly, in Advisory Letter 2016-01, Revised and Reissued, dated March 5, 2018, James J. Donelon, Louisiana Commissioner of Insurance, states that the intent of the original Advisory Letter 2016-01 was "to notify industry that, due to federal preemption under 42 U.S.C.A. §1395w-26(b)(3) [codified at 42 C.F.R 422.402], the LDI's authority over Medicare

Advantage (MA) Plans is limited to licensing and plan solvency." The March 5, 2018 Advisory Letter 2016-01 Revised and Reissued further states that LDI "maintains its position that Congress restricted its ability to regulate MA plans outside of these specific areas and that it is preempted from taking action under La. RS. 22: 1860.1 by federal law governing MA plans."

Further, Commissioner Donelon stated in Advisory Letter 2016-01 Revised and Reissued "Effective immediately, all health insurance issuers, health maintenance organizations, third party administrators, group self-insurers, and any other affected persons are ordered and directed to comply with all applicable state and federal laws pertaining to the provider fee authorized by La. RS. § 46:2625."[4] Thus, there was no longer a conflict between the positions of LDI and LDH.

33.

The LDH says that federal law does not preempt La. R.S. § 46:2625 regardless of the payor source. LDI "ordered and directed" companies like ESI "to comply with all applicable state and federal laws pertaining to the provider fee authorized by La. R.S. § 46:2625." LDH and LDI agreed to a Consent Judgment in state court, stating that there was no conflict between the two state agencies' positions.[5]

34.

But according to the May 12, 2020 communication, ESI still takes the position that federal law preempts La. R.S. § 46:2625 and refuses to reimburse Louisiana independent pharmacies the ten cent provider fee on Medicare plans. At the bottom of the May 12, 2020 communication, ESI includes this disclaimer:

---

[4] Exhibit 4.
[5] Exhibit 5.

> DISCLAIMER: THIS REMINDER IS BEING PROVIDED IN CONNECTION WITH REQUIREMENTS SET BY THE LOUISIANA DEPARTMENT OF HEALTH AND/OR THE LOUISIANA DEPARTMENT OF INSURANCE. THIS REMINDER IS NEITHER AN ENDORSEMENT NOR AGREEMENT BY EXPRESS SCRIPTS REGARDING WHETHER ANY FEE OR SALES TAX IS APPROPRIATE OR REQUIRED BY LAW TO BE REIMBURSED BY EXPRESS SCRIPTS. EXPRESS SCRIPTS RESERVES ALL OF ITS RIGHTS TO DISPUTE ENTITLEMENT TO ANY SUCH REIMBURSEMENT.

ESI thus refuses to acknowledge that any fee is due. As a result, this request for declaratory judgment is timely, appropriate and needed. Either federal law preempts La. R.S. § 46:2625 or it does not. Louisiana independent pharmacies should not be caught in the middle.

## **PRAYER**

WHEREFORE, plaintiff, Louisiana Independent Pharmacies Association, prays that this Complaint be deemed good and sufficient and that after due proceedings are had that there be judgment rendered in its favor and against ESI and that this Court:

A. Declare whether or not the $.10 per prescription fee as mandated by La. R.S. § 46:2625 is due on all prescriptions regardless of payor; and

B. Declare that if the $.10 per prescription fee as mandated by La. R.S. § 46:2625 is not due on all prescriptions regardless of payor, that its member pharmacies not be required to remit ten cents on every prescription filled.

C. Declare whether La. R.S. § 22:1860.1 requires ESI or its agent to reimburse a pharmacist or his agent for fees remitted by a pharmacy or pharmacist or his agent in compliance with R.S. § 46:2625, irrespective of the plan the patient is a member.

Respectfully submitted,
**WHALEY LAW FIRM**

_____
JOHN RANDALL WHALEY #25930
jrwhaley@whaleylaw.com
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
Telephone: 225.302.8810
Facsimile: 225.302.8814
ATTORNEYS FOR PLAINTIFF